**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5629

LYLE SHARP,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-94-124)

Submitted: March 21, 1996

Decided: April 4, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrew R. Pauley, Charleston, West Virginia, for Appellant. Rebec-
ca A. Betts, United States Attorney, Philip J. Combs, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lyle Sharp pled guilty to maintaining a place for the distribution of crack cocaine, 21 U.S.C. § 856(a)(1) (1988). He was sentenced to serve a term of 37 months imprisonment. Sharp appeals the district court's denial of his motion to withdraw his guilty plea. He also appeals his sentence, contending that the district court clearly erred in determining the amount of crack for which he was responsible. United States Sentencing Commission, Guidelines Manual § 2D1.1 (Nov. 1994). We affirm.

Sharp steered customers to several crack dealers in return for which he received crack for his own use. The arrangements were made in Sharp's house and he would then go to a trailer behind his house and bring one of the dealers to his house, where the sale would take place. Sharp participated in four controlled buys. After his arrest, he admitted participation in at least nine additional sales.

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Sparks, 67 F.3d 1145, 1151 (4th Cir. 1995). The factors to be considered by the district court in deciding whether the defendant has shown a fair and just reason for withdrawing his plea are:

> (1) whether he has offered credible evidence that his plea was not knowing or voluntary; (2) whether he has credibly asserted his legal innocence; (3) whether there has been a delay between the plea and the withdrawal motion; (4) whether he has had the close assistance of competent counsel; (5) whether the government will be prejudiced by withdrawal; (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991).

Sharp entered his guilty plea in January 1995. On the day he was scheduled to be sentenced in March 1995, Sharp attempted to with-

2

draw his guilty plea. His attorney withdrew, new counsel was appointed, and Sharp's new counsel filed a written memorandum in support of plea withdrawal alleging that the first attorney had been ineffective in telling him that he would have to plead guilty before he could provide substantial assistance to reduce his sentence, in failing to inform him about supervised release, and in failing to inform him that his relevant conduct might include amounts of crack in addition to the controlled buys. He asserted that only casual drug use had occurred at his home and that he had not maintained a dwelling for the distribution of drugs. He claimed that he had informed his attorney that he wished to withdraw his plea soon after entering it.

After a hearing on Sharp's motion, the district court found that Sharp was informed during the Fed. R. Crim. P. 11 hearing that he would be subject to supervised release and that the concept of relevant conduct was explained him at the same time. The court found that Sharp had been competently represented and noted that he had expressed no dissatisfaction with his attorney or desire to withdraw his plea at a bond hearing ten days after his Rule 11 hearing or at any time until the day originally scheduled for sentencing. Sharp had described his conduct in detail when he entered his plea and his later assertion of legal innocence was not credible. Our review of the record below bears out the district court's findings. Consequently, the district court did not abuse its discretion in denying Sharp's motion to withdraw his plea.

Sharp also contests as mere speculation the district court's determination that he was responsible for more than 2 grams of crack. Sharp conceded at sentencing that he was responsible for .94 grams of crack, the amount involved in the four controlled buys. Under USSG § 2D1.1, comment. (n.12), the court may estimate, if necessary, the amount of drugs which are part of the defendant's relevant conduct, taking into consideration similar known transactions. The district court estimated the amount involved in the nine additional transactions which Sharp had previously admitted by using the average weight of the four known transactions. The court thus arrived at a total of 2.38 grams, an amount lower than that recommended by either the probation officer or the government. The amount determined by the district court was not clearly erroneous.

3

Accordingly, we affirm the conviction and the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4