UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 00-4284

GARRY STEPHAN, a/k/a Gorilla,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 00-4285

GARRY STEPHAN, a/k/a Gorilla,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-99-23, CR-99-91)

Submitted: March 30, 2001

Decided: May 10, 2001

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Marvin D. Miller, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Jenifer J. Schall, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Garry Stephan appeals his conviction pursuant to his guilty plea to conspiring to maintain a place for the use of controlled substances in violation of 21 U.S.C. § 856 (1994), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). The factual basis proffered by the Government at the plea hearing established that Stephan, as the president of a motorcycle club named the Renegades, allowed and encouraged methamphetamine use and sales at the clubhouse of the group in Virginia Beach, Virginia. On appeal, Stephan contends that the district court erred in declining to allow Stephan to withdraw his guilty plea in the wake of the acquittal of several of his co-conspirators. Stephan also challenges the district court's imposition of a special condition of supervised release barring Stephan from operating a motor vehicle during the pendency of his term of supervised release. Finding no merit to either claim of error on appeal, we affirm Stephan's conviction and sentence.

Stephan possesses no absolute right to withdraw his plea of guilty. *United States v. Ewing*, 957 F.2d 115, 118 (4th Cir. 1992). This Court reviews the district court's refusal to allow a defendant to withdraw a guilty plea under Fed. R. Crim. P. 32 for abuse of discretion. *United States v. Wilson*, 81 F.3d 1300, 1305 (4th Cir. 1996). In light of the complete and thorough nature of the Fed. R. Crim. P. 11 hearing, *see United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995), and the district court's consideration of Stephan's motion, we cannot conclude that the district court abused its discretion in declining to allow Stephan to withdraw his plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Similarly, we can discern no abuse of discretion in the imposition of a special condition on Stephan's supervised release. *See* 18 U.S.C. § 3583(d) (1994); *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997). The district court did not rely on an erroneous conclusion of fact or law in imposing the restriction on

operation of motor vehicles. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

Finding no merit to either of Stephan's contentions on appeal, we affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*