**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

HAROLD MEADOWS, a/k/a Butch,
  *Defendant-Appellant.*

No. 02-4719

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, District Judge.
(CR-02-4)

Submitted: March 18, 2003

Decided: July 22, 2003

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Christopher F. Cowan, COWAN & OWEN, P.C., Richmond, Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Harold Lloyd Meadows pled guilty to one count of transfer of fire-arms across state lines by an unlicenced person in violation of 18 U.S.C. §§ 922(a)(5) & 924(a)(1)(D) (2000). On appeal, Meadows claims: (1) the district court abused its discretion by denying his motion to withdraw the guilty plea; (2) the base offense level under *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(5) (2001) was clearly erroneous; (3) it was plain error not to award a reduction to the offense level for acceptance of responsibility; and (4) counsel was ineffective. Finding no reversible error, we affirm.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant bears the burden of demon-strating that a "fair and just reason" supports his request to withdraw his plea. *Id.* Moore's claim fails because he withdrew the motion and he did not offer any evidence in support of his claim that the guilty plea was not knowing and voluntary.

A district court's factual findings used to determine the sentence are accorded substantial deference. The factual findings need only be supported by a preponderance of the evidence and will only be dis-turbed if clearly erroneous. *United States v. Brooks*, 957 F.2d 1138, 1148 (4th Cir. 1992). We find the court's decision with regard to the base offense level not clearly erroneous. *See* USSG § 2K2.1(a)(5); 18 U.S.C. § 921(a)(30) (2000).

Because Meadows did not object to the district court's decision not to award a three-level reduction to the offense level for acceptance of responsibility, review is for plain error. *United States v. Olano*, 507

U.S. 725, 731-32 (1993). Under this standard, we exercise our discretion only to correct errors that are plain, material, or affecting substantial rights, and that seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.* We find no plain error because Meadows did not show by a preponderance of the evidence that he was entitled to the reduction. *United States v. Harris*, 882 F.2d 902, 905, 907 (4th Cir. 1989).

We find Meadows' claim of ineffective assistance of counsel is not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*