**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4538

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TAWAYNE DEVONE LOVE, a/k/a Terry Wayne Love,
a/k/a T-Wayne,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-03-187)

Submitted: February 8, 2006          Decided: March 2, 2006

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, John L. File, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tawayne D. Love appeals his conviction and sentence following a guilty plea to violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute 50 or more grams of cocaine base) and 18 U.S.C. § 924(c)(1)(A)(I) (possession of a firearm in furtherance of a drug trafficking crime).  On appeal, Love asserts that the district court erred by denying his motions to withdraw his guilty plea and to subpoena his former attorney.  Love also contends that the district court erred by using a state conviction to establish career offender status for sentencing purposes and to impose enhanced penalties under 21 U.S.C. § 841(b).  Love further claims that the 100:1 statutory sentencing ratio between cocaine base and powder cocaine violates the Equal Protection Clause or, in the alternative, creates a disparity that is not based on factors adequately considered in the promulgation of the federal sentencing guidelines.  For the reasons that follow, we affirm Love's conviction and sentence.

Love argues that the district court erred by denying his first motion to withdraw his guilty plea.  We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  United States v. Wright, 81 F.3d 1300, 1305 (4th Cir. 1996).  Federal Rule of Criminal Procedure 32 provides that, prior to sentencing, a court may authorize the withdrawal of a guilty plea if the defendant shows a "fair and just" reason.  In

2

determining whether the proffered reason is "fair and just," district courts must balance the six factors we articulated in United States v. Moore:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

931 F.2d 245, 248 (4th Cir. 1991). Here, the district court carefully examined the Moore factors and found that they did not weigh in favor of withdrawal. After carefully reviewing the record, we find that the district court did not abuse its discretion in denying this motion to withdraw the guilty plea.

Love, while acting pro se, moved a second time to withdraw his guilty plea. He also moved to subpoena his former attorney Herbert Hively, who had served as counsel when Love pled guilty, to testify regrading this motion. Love later withdrew his motion to withdraw his guilty plea and the district court dismissed both motions as moot. Love contends that the district court abused its discretion in denying his motion to subpoena Hively. See United States v. Owens, 528 F.2d 1176, 1180-81 (4th Cir. 1975)(providing the standard of review). Because Love withdrew his motion to withdraw

3

his guilty plea, we affirm the district court's dismissal of the subpoena as moot.[1]

Love also challenges the district court's use of his Pennsylvania state court conviction for possession of marijuana with intent to deliver to enhance his sentence based on career offender status. In reviewing the district court's application of the guidelines, we review factual determinations for clear error and legal determinations de novo. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). A defendant qualifies for career offender status if he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."[2] U.S.S.G. § 4B1.1(a)(3). A "controlled substance offense" is defined as

> an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). Love does not claim his state conviction failed to meet this definition. Rather, Love argues that the state statute that he was convicted under could encompass conduct that is a misdemeanor under federal law and, therefore, should not qualify

---

[1]We note that Hively had previously testified at length before the district court on Love's first motion to withdraw his guilty plea.

[2]Love's additional felony conviction is a 1995 guilty plea to second degree murder.

as a felony conviction for career offender status. Because Love's state court conviction meets the definition of "controlled substance offense" under the federal sentencing guidelines, we conclude that it can be used for career offender status.

Love also contests the district court's imposition of enhanced penalties under § 841(b)(1)(A). Prior to Love's plea, the Government filed an information pursuant to 21 U.S.C. § 851, stating its intention to use Love's state drug conviction for enhanced penalties. Under § 841(b), a person who violates §§ 841(a) and 841(b)(1)(A) is liable for enhanced penalties if the violation occurs "after a prior conviction for a felony drug offense has become final." § 841(b)(1)(A). "Felony drug offense" is defined as an "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to . . . , marihuana, . . . ." 21 U.S.C. § 802(44). Because Love's state conviction falls within this definition, we affirm the application of the enhancement to Love's sentence.

Finally, Love challenges the constitutionality of the 100:1 statutory sentencing ratio between cocaine base and powder cocaine. Love acknowledges that we have previously rejected similar arguments. Brief of Appellant at 29; See United State v. Fisher, 58 F.3d 96, 99 (4th Cir.). A panel of this Court may not overrule the decision of an earlier panel. Brubaker v. Richmond, 943 F.2d

5

1363, 1381-82 (4th Cir. 1991).  Therefore, we reject this challenge by Love.

Accordingly, we affirm Love's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[3]

AFFIRMED

---

[3]We deny Love's motions to file a supplemental brief, to exceed filing limits, to extend the filing deadline, and to amend the briefing schedule.  We further deny as moot a motion by Love's counsel seeking leave to withdraw from representation.