**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4441**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN RICHARD PROCTOR,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (CR-04-160)

_____

Submitted: April 27, 2006                    Decided: May 1, 2006

_____

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Greenbelt, Maryland, Kathryn Frey-Balter, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Steven M. Dunne, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John R. Proctor pled guilty to possession of 50 grams or more of cocaine base (crack) with the intent to distribute, in violation of 21 U.S.C. § 841 (2000), and possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g) (2000).  Following the imposition of a 324-month sentence, Proctor appeals, contending that the district court erred when it denied his motion to withdraw his guilty plea.  We affirm.

A defendant seeking to withdraw a guilty plea prior to sentencing must demonstrate a "fair and just reason" for withdrawal.  Fed. R. Crim. P. 11(d)(2)(b); United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003).  This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995); United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Here, the transcript of the Rule 11 proceeding demonstrates compliance with the Rule and supports the district court's finding that Proctor's guilty plea was counseled, knowing, and voluntary.  Moreover, the district court found that each of the factors in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), weighed against granting the motion.  Specifically, Proctor made no assertion of legal innocence, there was some delay between the plea and Proctor's motion to withdraw it, and the district

court found that Proctor had the close assistance of competent counsel. Finally, the court noted that Proctor entered his plea two days into his trial and found that withdrawal of the plea would prejudice the United States, which had spent significant time preparing for trial, and inconvenience the court, which had expended considerable time and resources on the case. Although Proctor contends that he did not understand the likely sentencing range expressed in months, rather than years, the district court reviewed the Rule 11 proceeding and concluded that Proctor was "fully aware of the consequences of his plea." See Lambey, 974 F.2d at 1394 (applying strong presumption of validity to plea if Rule 11 colloquy proper).

We find that the district court did not abuse its discretion in finding that Proctor failed to meet his burden of showing a fair and just reason for withdrawing his guilty plea. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). Accordingly, we affirm the district court's denial of Proctor's motion to withdraw his plea and therefore affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED