**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-4792**

—————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

          versus

CIRO GAMALIEL GARCIA,

                              Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, District Judge.  (6:05-cr-00006-NKM)

—————————

Submitted:  April 9, 2007                Decided:  May 3, 2007

—————————

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Thomas E. Wray, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Edward A. Lustig, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ciro Gamaliel Garcia pled guilty to conspiracy to distribute methamphetamine, 28 U.S.C. § 846 (2000), and was sentenced to 300 months in prison. He now appeals, claiming that the district court should have allowed him to withdraw his guilty plea because he allegedly did not understand the plea agreement. We affirm.

I.

Our review is for abuse of discretion. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Withdrawal of a guilty plea is not a matter of right. Id. The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, raises a strong presumption that the guilty plea is final and binding. Id.

Courts consider six factors in determining whether withdrawal of a guilty plea is proper:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5)

whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424 (quoting United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)(footnote omitted)).

With these factors in mind, we have reviewed the record and the parties' briefs on appeal. We conclude that Garcia did not demonstrate a "fair and just" reason for withdrawing his guilty plea, and that there was no abuse of discretion.

II.

Accordingly, we affirm Garcia's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED