**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arch A. MOORE, Jr.,**
**Defendant–Appellant.**

**No. 90–5819.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 7, 1991.

Decided April 23, 1991.

---

William George Hundley, argued (Larry
S. Gondelman, Richard N. Wiedis, on brief),
Akin, Gump, Strauss, Hauer & Feld, Wash-
ington, D.C., for defendant-appellant.

John M. Campbell, Public Integrity Section, U.S. Dept. of Justice, Washington, D.C., argued (Michael W. Carey, U.S. Atty., Joseph F. Savage, Jr., Larry R. Ellis, Asst. U.S. Attys., Charleston, W.Va., on brief), for plaintiff-appellee.

Before RUSSELL, PHILLIPS, and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

The defendant, former West Virginia Governor Arch A. Moore, Jr., signed a plea agreement with the government on April 12, 1990, in which he agreed to plead guilty to a five count indictment. However, he did not appear in court to enter his pleas of guilty until May 8, 1990. On the eve of his pleas, the government tendered to his attorney a twenty-six page memorandum that it intended to submit to the court in support of the guilty pleas. Defense counsel informed the government that the defendant would not agree to the factual proffer contained in the document and that, if the government insisted on filing it, there would be no guilty plea. The government agreed not to file the memo and presented a short oral proffer instead. The plea proceedings were held on May 8 and the court accepted the guilty pleas. Sentencing was set for July 10, 1990.

On June 19, 1990, the defendant's attorney wrote to the court that he intended to file a Motion to Withdraw Guilty Pleas. Such a motion was filed on June 28, 1990. As part of the motion, the defendant's attorney presented an affidavit of himself. The court then ordered the government to file its response by July 2, 1990, and ordered argument on the motion for July 9, 1990.

On July 9, a hearing was held. Defense counsel proffered an additional affidavit of himself, and asked for an evidentiary hearing at which he proposed to call the defendant to testify as to the basis for his motion to withdraw. The government opposed the request for an evidentiary hearing. The court held that the defendant had not met his burden of presenting a "fair and just reason" for the motion and refused to allow him to testify.

As a result, sentencing proceeded the following day. After hearing presentations by both sides, including a strongly worded plea by the government that the court make an example of the defendant, the court sentenced the defendant to the following: six months on count one, five years on count two, two years on count three, two years on count four, and ten months on count five. The sentences on counts one, two, three, and four were to run concurrently with each other. The sentence on count five (the only one subject to the Sentencing Guidelines) was to run consecutively with the sentence on the other four counts. The court also stated that the defendant was immediately eligible for parole on counts one through four. Finally, the court imposed fines totaling $170,000.00 and a special assessment in the amount of $250.00.

On July 18, 1990, the defendant filed a Notice of Appeal. The notice was amended on July 20, 1990 to correct an error in the original notice. The defendant then filed a Motion for Bail Pending appeal, which was denied. A Motion for Bail Pending Appeal was subsequently filed in this court and was again denied on August 6, 1990. Pursuant to the order of the district court, the defendant self-surrendered to the federal prison camp at Maxwell Air Force Base.

I.

■ Defendant has argued that the district court erred in denying his request for an evidentiary hearing on his motion to withdraw his guilty pleas. Specifically, he contends that he should have been allowed to take the stand himself, as the sole witness at such a hearing. The assertion would appear to be that, had the court granted him the opportunity to testify, his testimony might have carried the day, persuading the court to permit him to withdraw his pleas.

To this day, however, neither the government nor the district court—nor this court—has any idea what it is that defendant would have said from the stand. Moore neither filed his own affidavit nor

proffered what his testimony would have been. He never has said how it would have differed from his counsel's affidavits, or how it would have altered the district court's ruling. Repeatedly during oral argument on the motion, defense counsel deflected questions from the court about the grounds for the motion, insisting that the court should allow the defendant to answer the questions himself from the witness stand. Counsel never said what defendant's answers would be or what they would prove. He never disavowed his own affidavit testimony.

■ Under Fed.R.Crim.P. 32(d), a defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. *United States v. Rios–Ortiz*, 830 F.2d 1067 (9th Cir.1987). Rather, a defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed.R.Crim.P. 32(d); *United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir.1989); *United States v. Haley*, 784 F.2d 1218, 1219 (4th Cir.1986). The determination is entrusted to the discretion of the district court.

■ Nor does a defendant automatically get an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea. *United States v. Thompson*, 680 F.2d 1145, 1151–52 (7th Cir.1982), *cert. denied*, 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982). Nevertheless, it is well settled that "evidentiary hearings should be liberally granted prior to sentencing." *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir.1985); *see also, e.g., United States v. Russell*, 686 F.2d 35, 38 (D.C.Cir. 1982). Still, that hearing need only be granted "when a 'fair and just reason' for withdrawal of the plea is presented." *Fountain*, 777 F.2d at 358, *quoting Thompson*, 680 F.2d at 1152. No such showing has been made here, and the denial of Moore's request for a hearing was within the district court's discretion.

Courts typically consider a variety of factors in determining whether a defendant has met his burden under Rule 32(d). The factors include (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. *See, e.g., United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir.), *cert. denied*, 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988); *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985); *United States v. Kobrosky*, 711 F.2d 449, 455–56 (1st Cir.1983).

None of the above mentioned six factors seems dispositively to favor defendant here. First and most importantly, Moore, a lawyer and former governor assisted by competent counsel, was simply not convincing in claiming that the Rule 11 plea was not knowing and voluntary.

Second, the defendant never made credible assertions of his innocence. Rather, he took issue with some of the details of the government's version of events and their characterization; for example, he seeks to make something of fact that what was called in the version "extortion" was in fact a "bribe."

Third, Moore long delayed between the time of the pleas and the time of entering the motion to withdraw guilty pleas. He waited six weeks before giving notice of his intent to move to withdraw his pleas.

■ The fourth factor, inadequacy of aid of counsel, is not persuasive. Competency of counsel is not questioned. As to the fifth factor, although the government does claim prejudice, the U.S. Attorney has not made a particularly strong showing in that respect. Despite the weakness in the government's presentation on the issue, these factors are only balancing considerations, and so the lack of prejudice to the government, in and of itself, is not dispositive.

Finally, a reopening of the plea would have been futile. There was no substance to Moore's claims. It would be pointless, perhaps even unjust, to allow him to relitigate. Despite the policy in favor of liberally granting evidentiary hearings prior to sentencing, Moore has not presented a "fair and just reason" for the withdrawal of his plea. It was, thus, no abuse of discretion for the district court, in the circumstances, to deny him the hearing.

## II.

■ Rule 11(e)(2) requires "disclosure of the [plea] agreement" to the district court at the time a guilty plea is taken. The Rule is properly read to mean that all "material terms" (or material "details" or "elements") of the agreement must be disclosed. *United States v. Daniels*, 821 F.2d 76, 79 (1st Cir.1987); *United States v. Blackner*, 721 F.2d 703, 708 (10th Cir.1983); *United States v. Roberts*, 570 F.2d 999, 1005, 1007 (D.C.Cir.1977). The purpose of the requirement is to enable the district court to probe the defendant's understanding of the consequences of his bargain, and the voluntariness of his entering it. *Daniels*, 821 F.2d at 80.

■ Rule 11(f) places a heavy burden on the court to insure that there is a basis for the plea. The rule states that

[n]otwithstanding the acceptance of the plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

The district court's inquiry into the factual basis of a plea must be searching and not merely *pro forma*.

■ Moore has contended that the parties failed to disclose to the district court one of the material terms of his plea agreement. The undisclosed term was supposedly comprised of the government's last-minute concession, on the morning that Moore entered his guilty pleas, that it would not file a detailed written statement of facts with the court, but would instead make a more limited oral proffer of the pleas' factual basis. From that flows the argument that abandonment by the government on May 8, 1990 of its plan to file the written statement was actually a material term of his April 12, 1990 plea agreement. Moore has further sought to contend that the parties' failure to inform the district court of the decision to file the written statement undercut the Fed.R.Crim.P. 11 proceedings and invalidated his pleas.

Responding, the government has asserted that the reason it never occurred to anyone to tell the district judge about the written statement is that it was irrelevant to Moore's underlying agreement to plead guilty. Rule 11 requires disclosure of only the material elements of the plea agreement.

Here, the terms of the plea agreement are set out in the document signed by the parties on April 12. The agreement recites the terms and conditions contemplated by Rule 11—that the defendant had received no promises about his likely sentence, and that the government would recommend no specific sentence, although it reserved the right to allocute at sentencing; and that the government would bring no other charges against the defendant. The statement further recited that "[t]his written agreement constitutes the entire agreement between the United States and Mr. Moore in this matter." There is nothing in the agreement that would indicate anything with even the hint of unconscionability. It is reasonable that Moore was required to abide by his word. The attempt of the parties to work out a detail as to how the government would state the factual basis of its case (no error having been called to the court's attention) had little to do with the plea agreement, or the concerns underlying Rule 11.

On May 8, 1990, just before the proceeding in which Moore entered his pleas, the government acquiesced in the defense counsel's demand that the government proffer its factual basis in a more limited version than it had proposed filing. That did not materially concern the government's position at sentencing, the voluntariness of the defendant's decision to plead guilty, or the existing plea agree-

ment. It did not affect the court's obligation under Rule 11, it had little effect on the factual basis for the plea, and it did not change the fact that defendant was truthfully admitting his guilt. It was the working out of an objection from defense counsel, not over whether the defendant was willing to admit his guilt to the crimes charged, but over how much of the government's evidence he was willing to acknowledge publicly to be true, and in what detail.

At oral argument on the motion to withdraw the pleas, the district judge said that knowledge of the discussions would have caused him to do nothing differently. He concluded that the question of how the government would present the factual basis for defendant's pleas was not a material part of the plea agreement, and that the parties' not telling him about it did not violate Rule 11. That finding is not clearly erroneous.

### III.

■■■ It is settled law that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). When the government fails to adhere to the plea agreement in any way, the sentence must be vacated and remanded to the district court either to allow the appellant to withdraw his plea or grant specific performance of the plea agreement. *Id.* at 263, 92 S.Ct. at 499. That is the case even if the judge assures that he was not influenced in his sentencing by the prosecutor's recommendation. *United States v. Crusco*, 536 F.2d 21, 26 (3rd Cir.1976). Moore has sought to establish that there was departure by the government from the terms of the plea agreement.

It is settled that the defendant is entitled "to the enforcement of the agreement which he entered into with the government and which was the inducement to his guilty plea." *United States v. Reckmeyer*, 786 F.2d 1216, 1223 (4th Cir.), *cert. denied*, 479 U.S. 850, 107 S.Ct. 177, 93 L.Ed.2d 113

(1986). *See also Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

Paragraph 9 of the plea agreement provided, in pertinent part:

It is understood that the matter of sentencing is within the sole discretion of the Court and the United States will make no recommendation as to a specific sentence. However, the United States retains the right to inform the probation office and the Court of any relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of Mr. Moore.

Nevertheless, Moore has claimed that the "spirit" of the plea agreement was violated because the United States sought a "severe prison term" and made " 'a transparent effort to influence the severity' of Moore's sentence." The plea agreement, however, did not restrict the prosecutors as he suggests and, given the sophistication of both defendant and counsel, the argument of plea agreement violation is without merit.

Defense counsel has made the argument that the "spirit" of the deal was violated. In the case of an unsophisticated or underrepresented defendant, we might be inclined to take a less literal view of the terms of the plea agreement, but there is no adequate reason why Moore, represented by very able counsel, should not be held to his word. Governor Moore did not have a reasonable basis to believe that the prosecutor's promise to refrain from recommending a *specific* sentence protected him from remarks calculated to induce the Court to issue a *severe* prison term.

The judgment, accordingly, is

AFFIRMED.