39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denver Ade MARTIN, Defendant-Appellant.
 No. 93-5925.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 18, 1994.
Decided: Nov. 15, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Norwood Carlton Tilley, Jr., District Judge. (CR-91-256)
 D. Thomas Lambeth, Jr., HEMRIC & LAMBETH, P.A., Burlington, NC, for appellant. Walter C. Holton, Jr., U.S. Atty., David B. Smith, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 OPINION
 Before HALL and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 On March 19, 1992, the third day of trial, Denver Ade Martin entered a guilty plea to the charge of conspiracy to possess with intent to distribute and to distribute marijuana, 21 U.S.C.A. Sec. 846 (West Supp.1994). He was released on bond and subsequently failed to appear for his next scheduled hearing. Martin was arrested in Texas approximately six months later on another drug charge. He was eventually returned to North Carolina and a presentence report was prepared in October 1993. Martin then moved to withdraw his guilty plea. The motion was denied by the district court and Martin was sentenced to a term of 211 months. On appeal, Martin contends that the district court abused its discretion in denying his motion to withdraw his guilty plea, and clearly erred in failing to award him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 A defendant who seeks to withdraw a guilty plea before sentencing must show a fair and just reason for withdrawal. Fed.R.Crim.P. 32(d); United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1991). In Moore, this Court set out the following factors to be considered in determining whether a fair and just reason has been shown: (1) whether the defendant has offered credible evidence that his guilty plea was not knowing and voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the guilty plea and filing of the motion to withdraw; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; (6) whether withdrawal will inconvenience the court and waste judicial resources.
 
 
 3
 Martin asserted that his guilty plea was not knowing and voluntary because it resulted from government misconduct, specifically, the addition of co-defendant Stella Yvette Castillo to the government's witness list on the first day of trial. Martin claimed that, on the day he and Castillo were arraigned, she engaged him in conversation in the courthouse and said she had never seen him before. After counsel was appointed for her, Castillo pled guilty and testified that she had seen and talked to Martin when he purchased marijuana from her then-boyfriend, Manuel Enriquez-Hernandez, a fugitive co-defendant. Martin also claimed that his plea was induced by the government's alleged threats to bring charges against his wife, and that the government subsequently threatened to disclose to the district court certain incriminating information he offered after his plea under a cooperation agreement. See USSG Sec. 1B1.8.
 
 
 4
 The district court found that Martin had not offered credible evidence of an involuntary plea because, after two days of testimony by five co-conspirators in addition to Castillo, he chose to plead guilty rather than contest any perceived irregularity concerning Castillo's testimony, and he assured the court during the Fed.R.Crim.P. 11 hearing that his plea was not induced by either threats or promises. The court found that any inappropriate disclosure of protected information could be remedied without withdrawal of the guilty plea. At the sentencing hearing, the court deleted paragraph 16 from the presentence report at Martin's request.
 
 
 5
 Martin argues on appeal that government misconduct induced his plea, that the delay caused by his flight also resulted from government misconduct in that he was frightened after being verbally abused by government agents during his post-plea interview and his brief period of cooperation. He asserts that prejudice to the government and inconvenience to the court which would result from a withdrawal are thus the government's fault. Although he had local counsel in addition to an attorney from Georgia, Martin claims that he lacked close assistance of competent counsel in that he had to choose between having his Georgia attorney testify at trial about the pre-arraignment conversation with Castillo or having the attorney continue to represent him. We find these arguments unconvincing, and hold that the district court did not abuse its discretion in denying Martin's motion to withdraw his guilty plea. Martin failed to make an adequate showing under any of the Moore factors.
 
 
 6
 We further find that the district court did not clearly err in finding that Martin had not accepted responsibility for his criminal conduct. Martin did not plead guilty until well into his trial, he subsequently obstructed justice by absconding, and after his rearrest he denied any guilt in his interview with the probation officer.
 
 
 7
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.