**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4864

LENZIE LEE MURRAY, JR., a/k/a
Pepsi,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, District Judge.
(CR-96-157)

Submitted: November 25, 1997

Decided: February 23, 1998

Before WIDENER, HALL, and WILKINS, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

M. Gordon Tayback, Baltimore, Maryland, for Appellant. Helen F.
Fahey, United States Attorney, Thomas M. Hollenhorst, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lenzie Lee Murray, Jr., pled guilty to conspiracy to possess one kilogram or more of heroin with intent to distribute, 21 U.S.C. § 846 (1994), but attempted to withdraw his plea before sentencing. Murray appeals his 292-month sentence, alleging that the district court erred in finding that he was a manager or supervisor in the offense, see USSG § 3B1.1(b),[1] based on statements he made which were protected under the cooperation provision of his plea agreement. See USSG § 1B1.8. He also contends that the district court abused its discretion when it denied his motion to withdraw his guilty plea. We affirm the conviction but vacate the sentence and remand to allow the district court to reconsider the role adjustment.

I.

In January 1996, Murray was arrested for conduct comprising the instant offense and released on bond. Shortly thereafter, in Murray's presence, his attorney discussed a guilty plea with the government, a plea agreement was prepared, and a change of plea hearing was scheduled. Murray then asked for more time. Eventually, in June 1996, Murray entered a guilty plea. The plea agreement provided that no information Murray supplied during cooperation with the government would be used to enhance his sentence. In the Statement of Facts attached to his plea agreement, Murray admitted that the government could prove that in September 1993, he recruited a courier to fly to Moscow to obtain heroin supplied by a conspirator in Pakistan, that in December 1995 he possessed a handgun which was used and possessed in connection with the conspiracy, and that he distrib-

_____

[1] **U.S. Sentencing Guidelines Manual** (1995). Murray was sentenced in October 1996.

2

uted between ten and thirty kilograms of heroin during his participation in the conspiracy.**2**

The probation officer incorporated the Statement of Facts into the offense conduct portion of the presentence report. The report recommended that Murray was responsible for ten to thirty kilograms of heroin, that he should receive a three-level adjustment for being a manager or supervisor,**3** and should receive an enhancement for possession of a firearm during the offense. After the presentence report was prepared, Murray contested the role enhancement. He also obtained new counsel and moved to withdraw his guilty plea on the day scheduled for sentencing in October 1996. His motion was denied.

Under Fed. R. Crim. P. 32(d), a court may permit withdrawal of a guilty plea before sentencing if the defendant shows a "fair and just" reason for withdrawal. A fair and just reason is one which calls into question the validity of the guilty plea. See United States v. Hyde, ___ U.S. ___, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667). In United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), we explained that the factors most relevant to this test are whether the defendant has offered credible evidence that his plea was not knowing and voluntary or credibly asserted his innocence, whether there has been a delay between the plea and the withdrawal motion, whether the defendant has had close assistance of competent counsel, and whether withdrawal would prejudice the government or inconvenience the court.

Murray alleged that he had been rushed into the plea agreement by his former attorney without adequate time to review the agreement. He denied admitting that he distributed more than ten kilograms of heroin. The government proffered that a Drug Enforcement Adminis-

_____

**2** Murray also waived his right to appeal his sentence, but the government does not oppose the appeal.
**3** The probation officer recommended a 2-level adjustment, USSG § 3B1.2(c), in the body of the presentence report, but used a 3-level adjustment, USSG § 3B1.1(b), on the worksheet. The 3-level adjustment is correct because, as the district court found, the conspiracy was extensive.

tration agent would testify that Murray admitted distributing thirty kilograms of heroin just after his arrest. Applying the Moore test, we find that the factors weighed against granting the motion. Murray had adequate time to consider his plea with the assistance of counsel. He delayed five months before asking to withdraw the plea, and did not assert innocence but concern with the sentence he might receive. The district court thus did not abuse its discretion in denying the motion.

II.

At the sentencing hearing, with new counsel, Murray contested only the role adjustment, alleging that the conspiracy was not extensive and that recruitment of a courier was not sufficient to prove that he had a managerial role. Murray argued that his admission that he used four people to distribute heroin, made during post-plea interviews with federal agents and the probation officer, was protected by the cooperation agreement. The district court held that the role adjustment was warranted. The court found that USSG § 1B1.8 did not apply because Murray had told the probation officer that he coordinated four people who sold drugs for him. The court also found that the conspiracy was extensive, as evidenced by Murray's recruitment of a courier to go to Moscow for heroin.

We find that the court could not rely on Murray's statements to the probation officer concerning his use of others to distribute heroin because that information was protected under the cooperation provision of the plea agreement. See USSG § 1B1.8, comment. (n.5) (statements to probation officer are covered by cooperation agreement). Although the court later mentioned Murray's admission in the Statement of Facts that he had recruited a courier to obtain heroin in Moscow, the court used this information only to find that the conspiracy was extensive, not to shed light on Murray's role in the conspiracy. We therefore vacate the sentence and remand for resentencing to permit the district court to consider whether there is evidence to warrant the adjustment apart from Murray's protected statements.[4]

_____

[4] Murray does not specifically challenge the weapon enhancement under USSG § 2D1.1(b)(1), but refers to it as an error in his discussion of the role adjustment. The district court's finding concerning the weapon is based on the Statement of Facts incorporated into the plea agreement and the presentence report. Therefore, this finding need not be reexamined.

4

Accordingly, we affirm Murray's conviction but vacate his sentence and remand for resentencing to allow the district court to reconsider his role in the conspiracy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED</u>
<u>IN PART, AND REMANDED</u>

5