UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

TOMMY CARNEL GENERAL,
         *Defendant-Appellant.*

No. 00-4091

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-99-68-H)

Submitted: November 9, 2001

Decided: July 23, 2002

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

R. Clarke Speaks, Wilmington, North Carolina, for Appellant. John
Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Tommy Carnel General pled guilty under a plea agreement to conspiracy to distribute and possession with intent to distribute cocaine base (crack), cocaine powder, heroin and marijuana in violation of 21 U.S.C.A. §§ 841(a), 846 (West 1999), and use or carrying of a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C.A. § 924(c)(1), (2) (West 2000). General was sentenced to 400 months in prison for the drug offense and sixty months in prison for the firearm offense, to run consecutively. He appeals his sentence and the district court's denial of his motion to withdraw his guilty plea. We affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). General must present a "fair and just" reason for withdrawing his guilty plea. Fed. R. Crim. P. 32(e); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). An evidentiary hearing is not required unless a defendant has presented a fair and just reason. *Id.* Based on the factors set forth in *Moore*, we find the district court did not abuse its discretion in denying the motion to withdraw his guilty plea.

General argues his 400-month sentence for the drug offense was improper under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he was sentenced over the twenty-year statutory maximum in 21 U.S.C.A. § 841(b)(1)(C). The indictment to which he pled guilty did not charge a specific drug quantity. At sentencing, the district court determined General was responsible for the distribution of more than 6000 grams of heroin and more than fourteen kilograms of crack cocaine and sentenced him to a 400-month term on this count.

Because General failed to raise an *Apprendi* claim in the district court, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to demonstrate plain error, General must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *Id.* at 732. Even if General can satisfy these requirements, we do not exercise our discretion to notice the

error unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* General's indictment did not allege a threshold drug quantity; therefore, he could only be properly sentenced to 240 months in prison. 21 U.S.C.A. § 841(b)(1)(C). We find General's sentence of 400 months imprisonment is error, and the error is plain. We need not decide, however, whether the error affected General's substantial rights. Where the evidence is overwhelming and essentially uncontroverted, we will decline to correct even plain error. *See United States v. Cotton*, 122 S. Ct. 1781, 1786 (2002). We have reviewed the record and conclude the evidence of drug quantity was overwhelming and essentially uncontroverted. Accordingly, because the drug quantity attributable to General was sufficient to invoke the enhanced sentencing provisions, we decline to alter his sentence.

We therefore affirm General's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*