**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4479**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRACY LYNN PETTY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00250-5)

———————

Submitted: May 31, 2007                Decided: June 4, 2007

———————

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Frank A. Abrams, Arden, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Thomas Tullidge Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Lynn Petty pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court sentenced Petty to the statutory mandatory minimum sentence applicable to the conviction, 240 months' imprisonment. Petty challenges her conviction and sentence, asserting on appeal that the district court erred in denying her motion to withdraw her guilty plea. Petty contends that her plea was not knowing and voluntary because it was premised on the fact that her attorney and the prosecutor stated that she would be sentenced pursuant to the sentencing guidelines.[1] She claims that the prosecutor made inconsistent statements as to the applicability of the statutory mandatory minimum sentence, and that it was her understanding that the statutory mandatory minimum sentence was discretionary.

We reviewed for abuse of discretion the district court's denial of a motion to withdraw a guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Our review of the record discloses that the district court properly determined that Petty clearly was aware of the statutory mandatory minimum sentence

---

[1]Pursuant to the federal Sentencing Guidelines, Petty would have been subject to an advisory Guidelines range of 108 to 135 months' imprisonment, but for the statutory mandatory minimum twenty-year sentence applicable to her crime.

and its implications at the time she pled guilty.  The district court carefully considered each of the factors set forth in <u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991), and properly determined that Petty failed to meet her burden of demonstrating that a "fair and just reason" supported her request to withdraw her plea.[2]  <u>Id.</u>

Our review of the record reveals that the explicit terms of the plea agreement, which terms were reviewed with Petty by the court during her Fed. R. Crim. P. 11 proceeding, provided that the statutory mandatory minimum sentence of twenty years applied to Petty's crime, that no recommendations or agreements by the United States were binding on the sentencing court, and that the district court would impose a sentence no lower than the statutory minimum. Further, Petty attested during the Rule 11 hearing that she had reviewed the terms of the plea agreement with her attorney, that she understood the terms of the agreement, as reviewed with her by the court, that she was satisfied with and grateful for the services of her attorney and his willingness to answer all her

---

[2]Specifically, the district court determined that Petty failed to offer credible evidence that her plea was not knowing and voluntary, that she had not credibly asserted her legal innocence, that there had been a significant five-month delay between Petty's plea and her subsequent motion to withdraw, that Petty had received close assistance of competent counsel, that the Government would be prejudiced by a withdrawal, and that a withdrawal of the plea would waste judicial resources.

questions,[3] that she was guilty of the crime to which she was pleading guilty, and that she was entering into the plea freely and voluntarily. Petty is bound by the statements she made at her Rule 11 hearing. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Accordingly, we affirm the district court's denial of Petty's motion to withdraw her plea, and affirm her conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[3]To the extent Petty seeks to raise here a claim that her attorney was ineffective, such a claim is not cognizable on direct review unless the record conclusively establishes ineffective assistance of counsel, which this record does not. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

- 4 -