**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4456**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

KRISHNA PILLAI BALAKRISHNAN NAIR,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:07-cr-00177-CMH-5)

Submitted: February 13, 2009          Decided:  March 4, 2009

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John O. Iweanoge, II, IWEANOGE LAW CENTER, Washington, D.C., for Appellant.  Chuck Rosenberg, United States Attorney, Daniel Joseph Grooms, III, Edmund P. Power, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Krishna Pillai Balakrishnan Nair appeals his conviction based on his guilty plea to one count of engaging in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (2006). Two months after entering his plea, Nair filed two motions to withdraw his plea. Following an evidentiary hearing, the district court denied Nair's motions and sentenced him to twelve months and one day of imprisonment. Nair timely noted his appeal.

On appeal, Nair first claims that, during his plea hearing, the district court failed to inquire into whether he was under the influence of any medications or drugs that might have affected his ability to enter a voluntary plea. Nair's claim is without merit. When informed that a defendant is under the influence of medication, a district court must make further inquiry during the Rule 11 proceeding to determine the defendant's competence to plead guilty. United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). Nothing in the Rule 11 transcript indicates Nair was under the influence of medication or that he was impaired. Additionally, neither Nair's attorney nor the district court observed any potential impairment during Nair's plea hearing. Accordingly, the district court did not err in failing to question Nair to ascertain whether he was under the influence of drugs or medication.

2

Nair also claims the district court erred in denying his motions to withdraw his guilty plea. This court reviews a district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). A defendant may withdraw a guilty plea before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This court has established six factors to be considered in granting or denying a motion to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Our review of the record leads us to conclude that Nair failed to present credible evidence that his plea was not knowing and voluntary. The remaining Moore factors also do not weigh in favor of granting Nair's motion to withdraw his guilty plea. Nair fails to establish that he did not have close assistance of competent counsel, and he cannot credibly assert legal innocence as he stipulated to the statement of facts during his plea hearing and admitted during the evidentiary hearing to committing the acts in the statement of facts that supported his plea agreement. Finally, the delay between Nair's plea and the filing of his motions does not weigh in favor of granting his motions to withdraw, particularly in light of his

failure to present credible evidence that his plea was not knowing or voluntary.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4