**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4447**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

LUCILA RABADAN COREA,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:09-cv-00309-NCT-2)

Submitted:  December 15, 2011        Decided:  December 19, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro,
North Carolina, for Appellant.  Ripley Rand, United States
Attorney, Sandra J. Hairston, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lucila Rabadan Corea pled guilty to conspiracy to distribute methamphetamine and was sentenced to 150 months' imprisonment. On appeal, she contends that the district court erred by denying her motion to withdraw her guilty plea and that counsel provided ineffective assistance. She requests that her criminal judgment be vacated. For the reasons that follow, we affirm.

First, we conclude that the district court did not abuse its discretion in denying Corea's motion to withdraw her guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (providing standard of review). The court addressed the motion during a hearing, analyzed the six factors discussed in our decision in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and found that none of the factors weighed in favor of allowing Corea to withdraw her plea. Additionally, while all the factors in Moore must be given appropriate weight, the key consideration in determining whether a motion to withdraw should be granted is whether the plea hearing was properly conducted under Fed. R. Crim. P. 11. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). We conclude that Corea's plea hearing was conducted in compliance with Rule 11 and that Corea has failed to show a fair and just reason to

support her request to withdraw under Fed. R. Crim. P. 11(d)(2)(B).

Corea also contends that her attorney violated her Sixth Amendment right to effective assistance of counsel by coercing her to enter a guilty plea. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. Such claims are more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), unless counsel's ineffectiveness conclusively appears on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). After review of the record, we find no conclusive evidence that counsel rendered ineffective assistance, and we accordingly decline to consider this claim on direct appeal. We of course intimate no view as to the validity or lack of validity in respect to any claim of ineffective assistance.

We affirm the district court's denial of Corea's motion to withdraw her plea and affirm her conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED