**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4495**

───────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KRISTEN DOUGLAS WELTER,

                Defendant - Appellant.

───────────────

**No. 13-4496**

───────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KRISTEN DOUGLAS WELTER,

                Defendant - Appellant.

───────────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cr-00123-WO-1; 1:12-cr-00399-WO-1)

───────────────

Submitted:  May 30, 2014         Decided:  June 16, 2014

───────────────

Before NIEMEYER, KING, and WYNN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

---

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristen Welter appeals the district court's criminal judgment sentencing him to eighty-eight months' imprisonment after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), and to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012). On appeal, Welter argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea to the child pornography charge and committed clear error when it applied a two-level enhancement for obstruction of justice to his offense level. We affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea . . . ." Id. at 383-84 (internal quotation marks omitted). Instead, the defendant bears the burden of "show[ing] a fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); Nicholson, 676 F.3d at 383.

We have outlined six factors that the district court should evaluate to determine whether a defendant is entitled to withdraw his guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly

asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). While all the factors noted in Moore should be considered, the key factor to determining whether a motion to withdraw should be granted is whether the Fed. R. Crim. P. 11 hearing was properly conducted. Nicholson, 676 F.3d at 384.

After a thorough review of the record, we conclude that the district court complied with Rule 11 when Welter entered his guilty plea. We hold that, in light of Welter's statements at the Rule 11 hearing, which "carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977), Welter's plea was knowing and voluntary, and he has failed to credibly assert his innocence. We also reject Welter's challenge to the district court's conclusion that Welter had the close assistance of counsel. Therefore, we conclude that the district court did not abuse its discretion when it denied Welter's motion to withdraw his guilty plea.

Next, Welter argues that the district court improperly applied a two-level enhancement to his offense level for obstruction of justice. In assessing whether a sentencing court correctly applied the Guidelines, the district court's factual

4

findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). "Under [the] clear error standard, we will reverse the district court's [factual] finding only if we are left with the definite and firm conviction that a mistake has been committed." United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted), cert. denied, 134 S. Ct. 1528 (2014).

The Guidelines provide for a two-level enhancement to the defendant's offense level:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2012). The application notes state that "[o]bstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." USSG § 3C1.1 cmt. n.1. On appeal, Welter contends that the district court clearly erred in its factual conclusion that a letter he sent to his neighbor asking her to dispose of hard drives containing images of child pornography was purposefully

5

calculated to thwart an inchoate investigation into the offense. While Welter's argument may be plausible, the district court's conclusion was also permissible and therefore the court's decision to impose the enhancement was not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.")

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6