**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4915**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

    v.

CRYSTAL GOODSON-HUDSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:12-cr-00339-FDW-1)

Submitted:  August 29, 2014        Decided:  September 9, 2014

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Crystal Goodson-Hudson pled guilty, pursuant to a written plea agreement, to conspiracy to commit offenses against the United States in connection with a mortgage fraud scheme, in violation of 18 U.S.C. § 371 (2012), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012). Prior to sentencing, she moved to withdraw her guilty plea. Following briefing by the parties and an evidentiary hearing, the district court denied the motion and sentenced her to a total of seventy months' imprisonment. Goodson-Hudson appeals, challenging only the denial of the motion to withdraw. For the reasons that follow, we affirm.

We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012) (internal quotation marks omitted).

A defendant may withdraw her guilty plea prior to sentencing if she "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); see United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). The

2

defendant bears a "heavy burden" in demonstrating the existence of such a reason.  United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

An appropriately conducted Rule 11 colloquy "raise[s] a strong presumption that the plea is final and binding," and thus "leaves a defendant with a very limited basis upon which to have [her] plea withdrawn."  Bowman, 348 F.3d at 414 (internal quotation marks omitted).  We have articulated a nonexclusive list of six factors to be considered in evaluating a motion to withdraw a plea.  United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).  These factors are:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id.  To credibly assert her legal innocence, factor Two, a defendant need not conclusively prove innocence, but must "present evidence that (1) has the quality or power of inspiring belief, and (2) tends to defeat the elements in the government's prima facie case or to make out a successful affirmative defense."  Thompson-Riviere, 561 F.3d at 353 (internal quotation marks and citations omitted).

3

Goodson-Hudson raises two challenges on appeal. First, she argues that the court placed too high a burden on her, effectively requiring her to prove her innocence; failed to adequately consider the evidence of innocence she did provide; and failed to address her attorney's offer to present more evidence. We are not persuaded. As Goodson-Hudson notes, absent her guilty plea, the Government would have been required to prove both knowledge and specific intent to defraud to prove her guilt of the charged mortgage fraud. See United States v. Deffenbaugh, 709 F.3d 266, 272 (4th Cir. 2013) (mens rea required for § 371 criminal conspiracy); United States v. Wynn, 684 F.3d 473, 478 (4th Cir. 2012) (mens rea of wire and mail fraud); United States v. Brandon, 298 F.3d 307, 311 (4th Cir. 2002) (mens rea of bank fraud); United States v. Sparks, 67 F.3d 1145, 1151 (4th Cir. 1995) (mens rea of 18 U.S.C. § 1014 mortgage fraud). However, the documentary evidence Goodson-Hudson provided would not tend to negate these elements of the offense. Additionally, Goodson-Hudson's own self-serving statements are insufficient to overcome the strong presumption of verity accorded her sworn testimony and admission of guilt at the plea hearing. We agree with the district court that Goodson-Hudson presented insufficient evidence to make a credible showing of innocence under Moore, and she has failed to

4

show how her proffered further testimony would have altered the court's analysis.

Goodson-Hudson also contends that the district court failed to give adequate weight to its conclusions that permitting withdrawal would not prejudice the United States or waste judicial resources. Again, we disagree. In the face of the Government's arguments that both it and the court would be significantly burdened by Goodson-Hudson's withdrawal, the district court evaluated both issues in her favor, specifically considering whether the Government would be prejudiced by loss of evidence. We have previously acknowledged that factors One, Two, and Four of the Moore test "speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing her plea," whereas the remaining factors "are better understood as countervailing considerations that establish how heavily the presumption should weigh in any given case." Sparks, 67 F.3d at 1154. Thus, "slight prejudice and inconvenience would not, by themselves, constitute a 'fair and just' reason to grant the motion." Id. The district court's determination that factors Five and Six did not weigh heavily in its analysis was therefore fully in accord with our precedent. The court did not abuse its discretion in denying the motion in light of Goodson-Hudson's failure to establish any of the additional factors in her favor.

5

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED