**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4334**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

WILLIAM ANDREW COX,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:13-cr-00478-CMC-1)

───────────

Submitted: December 17, 2014      Decided: December 19, 2014

───────────

Before MOTZ and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Kimberly H. Albro, Research & Writing Specialist, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Andrew Cox appeals his conviction pursuant to a guilty plea to dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D) (2012). Cox argues that the district court erred by failing to sua sponte hold a competency hearing and by denying his motion to withdraw his guilty plea. We affirm.

Cox first argues that the district court should have ordered a competency hearing sua sponte due to Cox's mental condition. A district court must order a competency hearing sua sponte "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (2012). To show error in failing to order a competency hearing, "the defendant must establish that the trial court ignored facts raising a bona fide doubt regarding [his] competency." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted). Our review of the record establishes that Cox was capable of understanding the nature and consequences of the proceedings and assisting properly in his own defense. Accordingly, we conclude that the district court did not abuse its discretion in declining to

order a competency hearing sua sponte. See United States v. Bernard, 708 F.3d 583, 592 (4th Cir.) (stating standard of review), cert. denied, 134 S. Ct. 617 (2013).

Cox also challenges the district court's denial of his motion to withdraw his guilty plea. A defendant does not have an absolute right to withdraw a guilty plea. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). Rather, the defendant bears the burden of "show[ing] a fair and just reason for . . . withdrawal." Fed. R. Crim. P. 11(d)(2)(B); see United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (discussing six factors courts consider in making such determination); see also United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995) (holding that only first, second, and fourth Moore factors can justify withdrawal and that other factors can merely support presumption against it). Here, Cox presented only his own testimony in support of withdrawal, and the district court found that testimony lacking in credibility. We defer to this determination. See, e.g., United States v. McGee, 736 F.3d 263, 270-71 (4th Cir. 2013), cert. denied, 134 S. Ct. 1572 (2014). Therefore, we conclude that the district court did not abuse its discretion in denying Cox's motion to withdraw his plea. See United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012) (stating standard of review).

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>