**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4627**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

GREG RAMSEY,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:15-cr-00651-GLR-1)

Submitted:  May 25, 2018                                Decided:  June 14, 2018

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nancy S. Forster, LAW OFFICE OF NANCY S. FORSTER, Baltimore, Maryland, for Appellant.   Matthew James Maddox, Judson T. Mihok, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Greg Ramsey pled guilty to malicious destruction of property by fire and aiding and abetting, in violation of 18 U.S.C. §§ 2, 844(i) (2012); use of fire to commit a federal felony and aiding and abetting, in violation of 18 U.S.C. §§ 2, 844(h)(1) (2012); and attempted witness tampering, in violation of 18 U.S.C. § 1512(a)(1)(A) (2012). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed on a sentencing range of 25 to 30 years' imprisonment. The district court sentenced Ramsey to a total of 355 months' imprisonment. Ramsey now appeals, arguing that the district court abused its discretion in denying his motion to withdraw his guilty plea. The Government has moved to dismiss Ramsey's appeal based upon a waiver of appellate rights in his plea agreement.

"A criminal defendant may waive the right to appeal if that waiver is knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). However, "[a]n appeal waiver will not bar appellate review [of the denial of a motion to withdraw a guilty plea] where a plea-withdrawal motion incorporates a *colorable* claim that the plea agreement itself . . . is tainted by constitutional error." *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018) (internal quotation marks omitted). Here, we conclude that Ramsey has raised a colorable constitutional challenge to the voluntariness of his guilty plea that falls outside of the appeal waiver's scope. Accordingly, we deny the Government's motion to dismiss and consider the merits of

2

Ramsey's argument that the district court erred in denying his motion to withdraw his guilty plea.

We review for abuse of discretion the denial of a motion to withdraw a guilty plea. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." *Id.* at 383-84 (internal quotation marks omitted); *see* Fed. R. Crim. P. 11(d)(2)(B). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *Nicholson*, 676 F.3d at 384 (internal quotation marks omitted); *see also United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) (identifying other factors that court may consider in deciding motion to withdraw plea). "Thus, when a district court considers the plea withdrawal motion, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *Nicholson*, 676 F.3d at 384 (internal quotation marks omitted). "[A] properly conducted Rule 11 guilty plea colloquy . . . raises a strong presumption that the plea is final and binding." *Id.* (alterations, citation, and internal quotation marks omitted).

Our review of the record leads us to conclude that the district court did not abuse its discretion in denying Ramsey's motion to withdraw his guilty plea. At Ramsey's guilty plea hearing, the district court conducted a thorough Rule 11 colloquy, thereby raising the presumption of validity. *Id.* Additionally, at Ramsey's sentencing hearing, the district court considered and convincingly rejected Ramsey's claim that he should be

3

permitted to withdraw his guilty plea on the ground that it was involuntary as a result of trial counsel's performance. The district court properly emphasized Ramsey's sworn statements that he was pleading guilty voluntarily, that he was, in fact, guilty of the offenses, and that he was satisfied with his trial counsel's performance.[*] *See Christian v. Ballard*, 792 F.3d 427, 444 (4th Cir. 2015) (recognizing that "solemn declarations in open court carry a strong presumption of verity" (alterations and internal quotation marks omitted)).

Accordingly, we deny the Government's motion to dismiss and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Ramsey contends that his guilty plea was involuntary because his trial counsel informed him that he would be convicted at trial. We find this argument unconvincing. Ramsey has not shown that his trial counsel's prediction was unreasonable, and Ramsey acknowledged his guilt at the plea and sentencing hearings. Furthermore, the district court described the evidence against Ramsey as overwhelming. To the extent Ramsey desires to raise a stand-alone claim of ineffective assistance of trial counsel, we will not consider such a claim on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because the record does not reveal conclusive evidence of ineffective assistance, such a claim "should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion." *Id.* at 508.

4