**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 23-4209

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY WILLIAM BAVARO,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers, II, Chief District Judge.  (7:20-cr-00115-M-1)

───────────

Submitted:  November 15, 2023                    Decided:  December 21, 2023

───────────

Before WILKINSON and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Mark R. Sigmon, MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy William Bavaro pleaded guilty, pursuant to a written plea agreement, to two counts of interstate transportation for prostitution, in violation of 18 U.S.C. § 2421(a). On appeal, Bavaro asserts that the district court erred in denying his motion to withdraw his guilty plea. He also asserts that the court erred in applying three enhancements to his Sentencing Guidelines range. Because Bavaro's plea agreement includes a provision waiving the right to appeal his convictions and sentence on any ground, the Government moves to dismiss the appeal as to the sentencing issues raised in Bavaro's brief. We affirm the convictions and grant the Government's motion to dismiss and dismiss in part the appeal.

We review for abuse of discretion a district court's denial of a defendant's motion to withdraw his guilty plea. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). A defendant may withdraw a plea after a court has accepted it if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A court considers a variety of factors when deciding whether the defendant has met his burden, including: (1) whether he provided credible evidence that his plea was not knowing or voluntary; (2) whether he credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether he had close assistance of competent counsel; (5) whether the withdrawal of the plea would prejudice the Government; and (6) whether the withdrawal would inconvenience the court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The first, second, and fourth factors are generally the most significant, *United States v. Sparks*, 67

2

F.3d 1145, 1154 (4th Cir. 1995), and "a properly conducted Rule 11 guilty plea colloquy . . . raises a strong presumption that the plea is final and binding," *Nicholson*, 676 F.3d at 384 (citation and internal quotation marks omitted).

We have carefully reviewed the record and the relevant legal authorities and conclude that the district court did not abuse its discretion in denying Bavaro's motion to withdraw his guilty plea. Bavaro did not show that his guilty plea was not knowing and voluntary. Nor did he credibly assert his legal innocence. He contends that he only pleaded guilty because counsel advised him that he could easily withdraw his plea after reviewing discovery. But Bavaro not only admitted his guilt under oath at the Rule 11 hearing but during the months after the hearing in his written communications to the court. He also waited over a year after pleading guilty to move to withdraw the plea.

The Government argues that Bavaro's sentencing claims are barred by the appellate waiver in Bavaro's plea agreement. "We review an appellate waiver de novo to determine whether the waiver is enforceable." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). When the Government invokes an appeal waiver and has not breached its obligations under the plea agreement, we will enforce the waiver if the defendant knowingly and voluntarily agreed to waive his right to appeal and the issues raised on appeal fall within the scope of the waiver. *Boutcher*, 998 F.3d at 608.

3

Bavaro concedes that, if this Court concludes that his guilty plea was knowing and voluntary, the appeal waiver is enforceable. We see nothing in the record indicating that Bavaro did not understand the significance of the appeal waiver. And Bavaro's sentencing issues fall squarely within the scope of his waiver of appellate rights.

Accordingly, we affirm the convictions, grant the Government's motion to dismiss, and dismiss Bavaro's appeal from his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*