**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4148**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEBRA CENISEROS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:06-cr-00292-JCC-3)

———————

Submitted: October 12, 2007        Decided: October 30, 2007

———————

Before WILKINSON and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David J. Kiyonaga, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Daniel Grooms, Assistant United States Attorney, Paul Ahern, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Debra Ceniseros appeals from her conviction and 120-month sentence for conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). Ceniseros claims that the district court abused its discretion in denying her motion to withdraw her guilty plea, as she was not aware at the time she entered her plea that she would be held responsible for the conduct of her co-conspirators. Because our review of the record discloses no reversible error, we affirm.

After a plea has been entered, a defendant may withdraw the plea only if she can show a "fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B). This court reviews the district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion.[*] United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003). When considering whether to permit a defendant to withdraw a guilty plea, a district court must evaluate: (1) whether the defendant has offered credible evidence that her plea was not knowing and voluntary; (2) whether the defendant has credibly asserted her legal innocence; (3) whether

---

[*]The Government contends that no motion to withdraw was ever made and that any challenge to the Fed. R. Crim. P. 11 colloquy must therefore be reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). Ceniseros and her counsel made equivocal, even contradictory, statements throughout the hearings regarding whether Ceniseros wished to withdraw her plea. In an abundance of caution, we presume that Ceniseros sufficiently raised the issue in the district court of whether she should be permitted to withdraw from her guilty plea.

there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Although all of these factors are to be given appropriate weight, the most important consideration is whether the Rule 11 colloquy was properly conducted and the plea was both counseled and voluntary. See Bowman, 348 F.3d at 413-14.

During the Rule 11 hearing, the district court explained to Ceniseros that she could be held responsible for the conduct of her co-conspirators and that their conduct could affect her sentencing guidelines range. When Ceniseros indicated that she did not understand why she should be held responsible for the actions of others, the court explained the nature of the conspiracy charge and that the cumulative amount of drugs distributed by the conspirators could be attributed to her. Ceniseros stated that she understood, but that she had not been previously informed of this consequence. At that point, the court told Ceniseros she could withdraw her plea and that she should confer with counsel before proceeding. After a brief conversation with counsel, Ceniseros stated that she did not want to withdraw her plea and that she understood she could be held responsible for the conduct of others in the conspiracy.

- 3 -

At subsequent hearings, Ceniseros asserted that she did not understand what she had agreed to at the Rule 11 hearing, stating that she was responsible for only 1.8 grams of cocaine base and that she did not realize she would be sentenced for distributing from 50 to 150 grams of cocaine base. However, these contentions are belied by Ceniseros' responses at the Rule 11 hearing. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (sworn statement at Rule 11 hearing carries strong presumption of truth). The district court read the conspiracy charge to Ceniseros at the beginning of the hearing, noting that the conspiracy involved distribution of 50 grams or more of cocaine base. Ceniseros stated that she understood the charge and was aware that she faced a mandatory minimum sentence of ten years' incarceration, the sentence she ultimately received. Ceniseros also told the court that she had read and understood the plea agreement and the statement of facts, which specifically stated that she "personally distributed or it was reasonably foreseeable to her that, in furtherance of the conspiracy, [her] co-defendants distributed 50 to 150 grams of cocaine base."

While Ceniseros expressed confusion during the hearing regarding the nature of the conspiracy charge, the district court properly explained the matter to her, allowed her to confer with counsel, and gave her the option of withdrawing her plea. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992).

Additionally, the district court informed Ceniseros of the rights she was forfeiting as a result of her plea, determined the voluntariness of her guilty plea, and concluded that there was a factual basis for the plea. Therefore, the record establishes that Ceniseros knowingly and voluntarily entered into her guilty plea with a full understanding of the consequences, and that there was no error in the district court's acceptance of her plea.

As for the remainder of the <u>Moore</u> factors, Ceniseros did not contend that she was innocent; rather, she asserted that she was responsible for a lesser amount of cocaine base. Additionally, there was more than a three month delay between the Rule 11 hearing and Ceniseros' first definitive statement regarding her desire to withdraw from her plea. Finally, Ceniseros was provided with two competent attorneys throughout her case. Because none of these factors weigh in Ceniseros' favor, we find that the district court did not abuse its discretion in denying her request to withdraw the guilty plea.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 5 -