**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4501**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

STEVEN Z. RAST,

              Defendant - Appellant.

**No. 06-4510**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

STEVEN Z. RAST,

              Defendant - Appellant.

Appeals from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., District
Judge.  (6:02-cr-00948-GRA; 7:03-cr-00429-GRA)

Submitted:  April 4, 2008          Decided:  May 5, 2008

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Melissa W. Gay, GAY & ASSOCIATES, P.C., Mount Pleasant, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Z. Rast appeals his convictions and sentence for bank robbery, using a firearm in relation to a violent crime, and arson. On appeal, Rast argues the district court erred by denying his motion to suppress, by denying his motion to withdraw his guilty plea, by refusing to order a mental evaluation, and by overruling his objections to the presentence report. Rast also moves for this court to grant an extension of time to file a pro se supplemental brief.

Rast contends statements he made to police were involuntary, because despite his request for counsel, police failed to secure counsel; further, Rast alleges a magistrate judge harassed and threatened him with a lifetime in prison unless he cooperated. This court reviews the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). We construe the evidence in the light most favorable to the government, as the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Rast bases his argument on his testimony that police officers threatened him and interrogated him without reading him his rights under Miranda v. Arizona, 384 U.S. 436 (1966). His testimony was contradicted by the investigating officers, and the district court found Rast's testimony was not credible. This court

does not second-guess the district court's credibility determination. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Accepting the district court's credibility determination, the district court did not err in denying Rast's motion to suppress.

Rast next argues the district court should have ordered a mental evaluation because he was in fact mentally unstable and denying the request deprived him of his constitutional right to due process. A district court should grant a motion to determine the mental competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C.A. § 4241(a) (West 2000 & Supp. 2007). There was no evidence in the record indicating Rast did not understand the nature and consequences of the proceedings and could not assist in his defense. Indeed, in making the motion for a mental evaluation, Rast's attorney stated, "He's clearly competent." Therefore, the district court did not err in denying the motion.

Rast further asserts the district court should have granted his motion to withdraw the guilty plea because his plea was not voluntary. Rast claimed the U.S. Attorney misled him about the consequences of his guilty plea by stating he was facing a minimum

sentence of thirty-six years and promising him the opportunity to earn a downward departure under Fed. R. Crim. P. 35.  He added that because he represented himself pro se and did not have access to a law library he was unable to understand the consequences of waiving his right to a jury trial.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion.  United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).  A defendant does not have an absolute right to withdraw a guilty plea.  United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).  Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea.  Fed. R. Crim. P. 11(d)(2)(B).  Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing a guilty plea include: (1) whether the defendant offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) the delay, if any, between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal would cause prejudice to the Government; and (6) whether withdrawal would inconvenience the court and waste judicial resources.  Moore, 931 F.2d at 248.  Although all the factors in Moore must be given appropriate weight, the central question is whether the Rule 11 colloquy was properly

conducted. <u>United States v. Puckett</u>, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992).

Rast based his motion to withdraw his guilty plea on his claim that the U.S. Attorney had promised him a lower sentence. However, at the plea hearings, Rast stated he had not been promised anything that was not contained in the plea agreement. Additionally, he agreed that he was in fact guilty of the crimes charged. During the plea colloquies, the district court properly informed Rast of the rights he was forfeiting as a result of his plea, informed him of the nature of the charges, determined the voluntariness of his guilty pleas, and determined there was a sufficient factual basis for the pleas. Accordingly, there were no errors with respect to the Rule 11 colloquies. Moreover, the remaining <u>Moore</u> factors weighed against allowing Rast to withdraw his guilty plea. Therefore, the district court did not abuse its discretion in denying Rast's motion to withdraw his guilty plea.

Finally, Rast contends the district court erred in overruling his objection to the portion of the presentence report that stated he pointed a firearm at bank employees during the commission of one of the robberies. When reviewing the district court's application of the Sentencing Guidelines, this court

reviews findings of fact for clear error and questions of law de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). Pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b) (2002), using a firearm during a robbery but not discharging it results in a six-level enhancement.

In response to Rast's objection that he did not point his firearm at anyone during the April 22, 2002 robbery, the government presented a witness who testified otherwise. The district court found the government's witness to be credible and that there was a sufficient factual basis to apply the enhancement. In light of the witness's testimony that Rast pointed his gun at her and a bank employee, it was not clear error for the district court to apply the six-level enhancement. Under the remedial portion of United States v. Booker, 543 U.S. 220 (2005), district courts can make factual findings in applying sentence enhancements. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

Accordingly, we affirm Rast's convictions and sentence. We deny his motion for an extension of time to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED