**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4808**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

FRANKIE CORNELL ELLIS, a/k/a Nitty,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (4:07-cr-00026-BR-1; 5:07-cr-00060-BR-1)

Submitted: July 31, 2009        Decided: August 14, 2009

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frankie Cornell Ellis pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and conspiracy to possess with intent to distribute and distribute fifty grams or more of cocaine base (crack), 21 U.S.C. § 846 (2006). He was sentenced as a career offender to a term of 262 months imprisonment for the conspiracy and to the ten-year statutory maximum sentence for the firearm offense. Ellis appeals his conviction and sentence, contending that the district court failed to comply with Fed. R. Crim. P. 11 when it accepted his guilty plea and abused its discretion when it denied his motions to withdraw his guilty plea and for new counsel. He also raises a number of issues concerning his sentence. We find that the district court complied with Rule 11 in accepting Ellis' guilty plea and did not abuse its discretion when it denied his motions to withdraw his guilty plea and for substitution of counsel. We therefore affirm his conviction. Because Ellis' waiver was knowing and voluntary, we dismiss his appeal of his sentence.

Ellis' plea agreement provided that he "waived knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742[.]" During the Rule 11 colloquy, the district court summarized the terms of the plea agreement, including the

waiver provision, and informed Ellis about the statutory maximum and minimum sentence he could receive. Ellis acknowledged that he had conspired with others to possess with intent to distribute and distribute fifty grams or more of crack and that he knowingly possessed a firearm after being convicted of a felony.

Despite the waiver, Ellis challenges his sentence on multiple grounds. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this Court reviews de novo. Id. at 168. The district court brought the waiver provision to Ellis' attention during the guilty plea hearing when he summarized the plea agreement. Ellis addresses the waiver only in his reply brief, where he claims that his waiver was involuntary because he was not satisfied with his counsel's representation. However, when Ellis entered his guilty plea, he stated that he was satisfied with his attorney's services. Our review of the record leads us to conclude that Ellis' waiver of his right to appeal his sentence was knowing and voluntary.

Ellis' motion to withdraw his guilty plea served to preserve the issue of the adequacy of the Fed. R. Crim. P. 11 hearing. United States v. Martinez, 277 F.3d 517, 525-26

3

(4th Cir. 2002). He contends that neither the district court nor his attorney fully informed him about the possible sentence he might receive. The ineffective assistance claim is not one which may be raised on direct appeal, given that the record does not conclusively establish that defense counsel was deficient in this respect. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Further, we conclude that the district court informed Ellis about the statutory sentence for each count and fully compiled with Rule 11 in accepting his guilty plea.

We review the district court's denial of Ellis' motion to withdraw his guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). Courts consider six factors in determining whether to permit the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (footnote omitted).

4

Ellis contends that his guilty plea was involuntary because he was unhappy with his attorney's representation and pled guilty to the conspiracy count on her advice, even though he was not guilty of conspiracy. However, in light of the district court's full compliance with Rule 11 in accepting Ellis' guilty plea, Ellis has not "offered credible evidence that his plea was not knowing or otherwise involuntary." Ubakanma, 215 F.3d at 424. Moreover, Ellis informed the district court during the plea colloquy that he was satisfied with his attorney and had not been threatened or coerced to plead guilty, and his statements at the plea hearing indicated that he entered the plea knowingly and voluntarily. Blackledge v. Allison, 431 U.S. 63, 74 (1977); Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

Ellis does not credibly assert his legal innocence. He states that there was no evidence he conspired with others; however, the presentence report contains information from a confidential informant who observed Ellis weighing half a kilogram of crack with two other men. The motion was not timely because it was filed seven months after he entered his guilty plea. See Moore, 931 F.2d at 248 (finding that six-week delay militated against withdrawal of plea). Ellis' assertion that he

5

lacked close assistance of counsel is the only Moore factor that might weigh in his favor, as it is clear from the record that he had differences with his attorney. However, his dissatisfaction did not surface until long after his guilty plea, when he reviewed the presentence report's recommendation for a career offender sentence. Finally, allowing Ellis to withdraw his plea likely would have prejudiced the government and inconvenienced the court due to the passage of time. We are satisfied that the district court did not abuse its discretion in denying Ellis' motion to withdraw his guilty plea. Ubakanma, 215 F.3d at 424.

Last, the court's denial of Ellis' motion for substitution of counsel is reviewed for abuse of discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). In evaluating whether the trial court abused its discretion in denying a defendant's motion for substitution of counsel, this court must consider: (1) the timeliness of the motion; (2) the adequacy of the inquiry; and (3) whether the attorney/client conflict was so great that it resulted in total lack of communication preventing an adequate defense. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). These factors are weighed against the district court's "interest in the orderly administration of justice." Id. at 157.

Ellis' motion was filed on the day his attorney met with him to review the presentence report, five days before the

scheduled date for sentencing and seven months after his guilty plea. Thus, the motion was not timely. See Reevey, 364 F.3d at 157 (request for continuance to obtain new counsel on first day of trial is untimely unless exigent circumstances present).

The district court's inquiry into the basis for Ellis' motion was not as thorough as it should have been because the court did not ask defense counsel whether she believed that communications with her client had broken down irretrievably or whether she thought she could continue to represent him adequately. However, defense counsel's sentencing memoranda indicate that she had been consulting with Ellis. Ellis claims in conclusory fashion that his attorney failed to represent him adequately during his guilty plea and sentencing, or to advise him fully about his legal rights. He also claims that he differed with more than his lawyer's strategic choices, but he does not explain what his differences were.

Ellis' attorney challenged his career offender designation and other sentencing enhancements assiduously, if unsuccessfully, and argued for a lower guideline range than was recommended in the presentence report. Although the government asked for a sentence at the high end of the range, the district court imposed a sentence at the low end, as defense counsel requested. We conclude that Ellis has not demonstrated that his attorney was unable to represent him adequately at sentencing

and that the district court did not abuse its discretion in denying his motion for new counsel.

We therefore affirm Ellis' conviction and the district court's denial of his motions to withdraw his guilty plea and for new counsel. We dismiss his appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

8