**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5174**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ERIC PATRICK FLOYD, a/k/a "E,"

                Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:08-cr-00079-JPB-DJJ-1)

Submitted:  June 30, 2010                Decided:  July 8, 2010

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sherman L. Lambert, Sr., THE LAW OFFICES OF SHERMAN L. LAMBERT,
SR., PLLC, Shepherdstown, West Virginia, for Appellant.  Betsy
C. Jividen, United States Attorney, Thomas O. Mucklow, Assistant
United States Attorney, Martinsburg, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Patrick Floyd pled guilty to conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006); nine counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006); two counts of possession with intent to distribute cocaine, in violation of § 841(a)(1); and one count of possession with intent to distribute marijuana, in violation of § 841(a)(1). Floyd appeals his convictions on the ground that the district court erred by denying his motion to withdraw his guilty plea. We affirm.

Floyd challenges the district court's denial of his motion to withdraw his guilty plea on the grounds that he did not enter his guilty plea knowingly and voluntarily and that counsel provided ineffective assistance during plea negotiations and the plea colloquy. We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007).

Withdrawal of a guilty plea is not a matter of right. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one

2

that essentially challenges . . . the fairness of the [Fed. R. Crim. P.] 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, "raise[s] a strong presumption that the plea is final and binding." Id.

Here, the district court applied the factors courts must consider in determining whether to permit withdrawal of a guilty plea. See Ubakanma, 215 F.3d at 424. Our review of the record convinces us that the district court did not abuse its discretion in denying Floyd's motion to withdraw. Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED