**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4085**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ANTONIO MAURICE MONTGOMERY,

    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:07-cr-01170-RBH-1)

Submitted:  April 2, 2010    Decided:  July 30, 2010

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, L.L.C., Columbia, South
Carolina, for Appellant.  W. Walter Wilkins, United States
Attorney, Carrie A. Fisher, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Maurice Montgomery pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (2006). At sentencing, Montgomery moved to withdraw his guilty plea on the grounds that he was actually innocent of the firearms offense. The district court denied Montgomery's motion and sentenced him to six months imprisonment on the drug charge and a mandatory consecutive sentence of sixty months on the firearms charge. Montgomery noted a timely appeal.

This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A "fair and just" reason "is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

When determining whether a defendant has articulated a fair and just reason, this court looks to six factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant

2

has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). However, "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Id. Where a Rule 11 hearing is properly conducted, it raises "a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394.

Our review of the record establishes that the district court properly conducted a thorough plea colloquy in accordance with Rule 11. Therefore, we apply a strong presumption that Montgomery's plea was final and binding. Additionally, Montgomery has offered no evidence that his plea was not knowing or voluntary, Montgomery had close assistance of counsel during all phases of the proceedings, and Montgomery has not credibly asserted his legal innocence, as he admitted during his plea colloquy that he committed the crimes with which he was charged.

3

Therefore, we find that the district court did not abuse its discretion in denying Montgomery's motion to withdraw his guilty plea.

Montgomery also asserts that: (1) he was denied effective assistance of counsel because his attorney refused to support his motion to withdraw his guilty plea, and (2) he was denied his Sixth Amendment right to counsel because the district court heard Montgomery's motion without advising him of his rights under Faretta v. California, 422 U.S. 806 (1975). Both of these arguments lack merit. First, claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant should bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion. See id. An exception exists where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). The record here does not conclusively establish that Montgomery was denied effective assistance of counsel. Nor did the district court violate Montgomery's right to self-representation because counsel was present and available throughout the hearing.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED