**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4016**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LONNIE BIVENS, a/k/a Miz,

        Defendant - Appellant.

**No. 10-4295**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

REGINALD GLOVER, a/k/a Chicago,

        Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:08-cr-00382-JFM-1; 1:08-cr-00382-JFM-2)

Submitted: February 25, 2011      Decided: March 17, 2011

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

Howard Margulies, Columbia, Maryland; James Wyda, Federal Public Defender, Joanna Silver, Staff Attorney, Baltimore, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Kwame J. Manley, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Bivens and Reginald Glover pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Bivens was sentenced as a career offender to 262 months' imprisonment. Glover was sentenced to 240 months' imprisonment pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. In these consolidated appeals, Bivens claims that his sentence was unconstitutional and procedurally unreasonable, and Glover claims that the district court abused its discretion by denying his motion to withdraw his guilty plea.

Bivens does not challenge the district court's finding that he qualified for sentencing as a career offender under U.S. Sentencing Guideline Manual § 4B1.1 (2009). Nor does he challenge the court's calculation of the career offender Guidelines range. Instead, he claims that the district court relied on his bare record of arrests to determine his sentence in violation of his due process rights. Bivens also contends that such reliance rendered his sentence procedurally unreasonable. We disagree.

We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 50 (2007). The first step in this review requires

3

us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The Court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. In cases where, as here, a defendant advances a constitutional challenge to his sentence, we review the claim de novo. United States v. Copeland, 321 F.3d 582, 601 (6th Cir. 2003).

We have reviewed the record and conclude that the district court properly found that Bivens was subject to a career offender sentence based on his two prior qualifying convictions, and not on his arrest record. We also conclude that the district court properly calculated Bivens's Guidelines range at 262 to 327 months' imprisonment, and by imposing a sentence at the bottom of that range, did not enhance his sentence based on records of arrest. Thus, we find that Bivens has not established a due process violation. See United States v. Berry, 553 F.3d 273, 294 (3d Cir. 2009) (holding that constitutional due process is offended whenever a sentence is

4

increased based on inadequate evidence, such as a bare arrest record).

Nor has Bivens established procedural error. The district court considered the relevant 18 U.S.C. § 3553(a) (2006) factors, made an individualized assessment based on the facts presented, and adequately explained the reasons for the chosen sentence sufficient to convince us that it considered the parties' arguments and had a reasoned basis for its decision. Bivens's contention that the district court improperly considered his arrest records is unsupported by the record. Accordingly, we conclude that Bivens's sentence is not procedurally unreasonable.

Glover claims that the district court abused its discretion by not conducting a hearing to determine whether he had advanced a fair and just reason for withdrawing his guilty plea, and by not allowing him to withdraw his guilty plea. We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir. 1992) (en banc). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Nor is a defendant automatically entitled to an evidentiary hearing whenever he seeks to withdraw a guilty plea. Id. While a district court should liberally grant an

5

evidentiary hearing when a defendant seeks to withdraw a guilty plea, the hearing need only be granted when the defendant advances a fair and just reason supporting the request to withdraw.  Id.

"The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted."  United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003); United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996).  If the plea was knowingly and voluntarily entered with the close assistance of competent counsel during a properly conducted Rule 11 guilty plea colloquy, the defendant is left with a very limited basis upon which to have his plea withdrawn.  Bowman, 348 F.3d at 414.

The district court may, however, consider several other factors in determining whether the defendant had advanced a fair and just reason."  Id.  They include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary; (2) whether the defendant has credibly asserted legal innocence; (3) whether there has been a delay between the entering of the guilty plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248.

We have reviewed the record and conclude that Glover's plea was knowing and voluntary, that the district court fully complied with the Fed. R. Crim. P. 11 requirements when accepting his plea. Glover has not demonstrated on this record that he advanced a fair and just reason for withdrawing the plea warranting a hearing or withdrawal of the plea. Thus, the district court did not abuse its discretion.

Accordingly, we affirm Bivens's sentence and affirm Glover's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED