**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4234

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

GREGORY LAWRENCE TROPEA,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:13-cr-00075-RGD-DEM-1)

Submitted: September 23, 2014          Decided: October 6, 2014

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Ellenson, LAW OFFICE OF JAMES STEPHEN ELLENSON, Newport News, Virginia, for Appellant. Dana J. Boente, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Gregory Tropea pled guilty to three counts of receipt of child pornography, 18 U.S.C. § 2252A(a)(2) (2012), and one count of making a false statement to a probation officer, 18 U.S.C. § 1001 (2012). He was sentenced to 336 months in prison. Tropea now appeals, claiming that the district court erroneously denied his motion to withdraw his guilty plea. Finding no error, we affirm.

Tropea contends he was unaware that, by pleading guilty, he was waiving his right to appeal the district court's denial of his motion to suppress evidence seized during a search of a motel room. The record, which establishes that the district court fully complied with Fed. R. Crim. P. 11, is to the contrary. Tropea acknowledged at his Rule 11 hearing that he had read the plea agreement, understood it, and had reviewed the agreement with his attorney. In the agreement, Tropea waived his right to appeal his conviction and sentence; there was no reservation of the right to appeal the ruling on the suppression motion. Further, the court inquired at the Rule 11 hearing whether Tropea had reserved his right to appeal the suppression ruling. Both defense counsel and the Assistant United States Attorney stated that he had not. Tropea had the opportunity to disagree, but he said nothing.

2

"A defendant has no absolute right to withdraw a guilty plea." United States v. Nicholson, 676 F.3d 376, 383-84 (4th Cir. 2012) (internal quotation marks omitted). Instead, the defendant bears the burden of "show[ing] a fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B); United State v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. Nicholson, 676 F.3d at 383.

Having thoroughly reviewed the record, we hold that the district court did not abuse its discretion. First, the court properly conducted Tropea's Rule 11 proceeding. See United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003) ("a properly conducted Rule 11 . . . colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn"). Additionally, the district court correctly applied the factors set forth in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Notably, Tropea offered no credible evidence that his plea was unknowing or involuntary, he did not assert his legal innocence, and the district court found that allowing withdrawal of the plea would have both inconvenienced the court and the Government and wasted judicial resources.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented

3

in the materials before the court and argument would not aid the decisional process.

AFFIRMED