**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4241

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW J. MUSANTE,

Defendant - Appellant.

No. 15-4247

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW J. MUSANTE,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:13-cr-00193-RJC-1; 3:12-cr-00386-RJC-4)

Submitted: February 29, 2016        Decided: March 9, 2016

Before AGEE, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

M. Gordon Widenhouse, Jr., RUDOLF WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew J. Musante was charged with conspiracy to commit insider trading, in violation of 18 U.S.C. § 371 (2012), and transactional money laundering, in violation of 18 U.S.C. § 1957 (2012). (J.A. 30). Musante entered a guilty plea, but subsequently moved to withdraw his plea, arguing that a recently-decided Second Circuit case, United States v. Newman, 773 F.3d 438 (2d Cir. 2014), cert. denied, 136 S. Ct. 242 (2015), suggested a defense to the conspiracy charge of which he had not been informed. The district court denied his motion. We affirm.

We review for an abuse of discretion the denial of a motion to withdraw a guilty plea. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea before sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009) (brackets and internal quotation marks omitted). Where, as here, the district court substantially complied with the Rule 11 requirements, the defendant must overcome a strong presumption that his guilty plea is final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

3

In deciding a motion to withdraw a guilty plea, the district court must consider the following six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether [withdrawal] will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245 (4th Cir. 1991). The first factor is perhaps the most important, as "the fairness of the Rule 11 proceeding is the key factor in the review of the denial of a motion to withdraw a guilty plea." United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996). It is this factor on which Musante places the balance of his argument.*

Musante argues that he should be allowed to withdraw his plea because his guilty plea to the charge of conspiracy to commit insider trading was not knowing and voluntary, as he was not informed of a possible defense based on his ignorance of any benefit to the "insider" from the information improperly disclosed. The district court rejected this argument, concluding, in essence, that the factual basis for the plea

---

* Musante also argues that the district court erred in assessing the third and fifth Moore factors, but these factors, even if decided in Musante's favor, would not affect our decision.

4

would not support the defense recognized in <u>Newman</u>.  Our review of the record convinces us that the district court did not abuse its discretion in so concluding.

Accordingly, we affirm the district court's ruling denying the motion to withdraw the guilty plea.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>