**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4088**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES DAVIS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George J. Hazel, District Judge. (8:14-cr-00456-GJH-1)

_____

Submitted: January 13, 2017        Decided: January 18, 2017

_____

Before GREGORY, Chief Judge, and SHEDD and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Justin Eisele, SEDDIQ LAW FIRM, Upper Marlboro, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Mara V.J. Senn, Special Assistant United States Attorney, Leah Jo Bressack, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Davis pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012); robbery of mail, money, and other property of the United States, in violation of 18 U.S.C. § 2114(a) (2012); using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2012); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Davis argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. We affirm.

We review a denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Benton, 523 F.3d 424, 434 (4th Cir. 2008). A defendant seeking to withdraw a plea that has been accepted by the court must demonstrate "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether this burden has been met, courts should consider the six factors identified in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Where a proper Rule 11 plea colloquy is conducted, a defendant has a "very limited basis upon which to have his plea withdrawn." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003).

Davis does not dispute the validity of his guilty plea, and our review of the plea colloquy confirms that Davis' plea was knowing and voluntary. Accordingly, there is "a strong presumption that the plea is final and binding." United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012) (internal quotation marks omitted).

Our consideration of the remaining Moore factors reveals nothing that would overcome this presumption. Davis does not offer a credible assertion of innocence, nor does he reasonably challenge the competence of his plea counsel. Davis waited months to bring this motion, a delay that we have previously considered "long." Moore, 931 F.2d at 248. Although there was minimal evidence of prejudice to the Government and inconvenience to the court, these factors alone do not warrant reversal. See United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).

For the foregoing reasons, we conclude that the district court did not abuse its discretion in denying Davis' motion to withdraw his guilty plea. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED