**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4424

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA AUSTIN KRAMER, a/k/a Benjamin Franklin,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers, II, Chief District Judge.  (7:20-cr-00136-M-1)

Submitted:  July 19, 2022                     Decided:  July 28, 2022

Before GREGORY, Chief Judge, and HARRIS and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Kelly Margolis Dagger, Paul K. Sun, Jr., ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Natasha K. Harnwell-Davis, Appellate Section, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Austin Kramer appeals his convictions for a methamphetamine conspiracy and a substantive distribution count. On appeal, Kramer challenges the denial of his motion to withdraw his guilty plea. We find that the district court did not abuse its discretion in denying the motion. Accordingly, we affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *Id.* (internal quotation marks omitted). "A defendant has no absolute right to withdraw a guilty plea." *Id.* at 383-84 (internal quotation marks omitted). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *Nicholson*, 676 F.3d at 384 (internal quotation marks omitted). "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Id.* (internal quotation marks omitted).

2

Additionally, we have identified the following non-exclusive six factors to consider when determining whether a "fair and just reason" exists to warrant withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had the close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The first, second, and fourth factors are generally the most significant, *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). We find that the district court did not abuse its discretion in finding that these factors counseled against allowing Kramer to withdraw his plea.

The first factor is whether the defendant offered credible evidence that his plea was not knowing or not voluntary. Here, Kramer does not dispute that his Fed. R. Crim. P. 11 hearing was properly conducted. However, he argues that, although he agreed to enter his plea and stated that his plea was voluntary, he was merely providing the responses directed by his attorney and was afraid to make any further statements.

The record does not support this assertion. Rather, Kramer stated that he had gone over the superseding indictment with his attorney and that he understood the charges against him. He averred that he was not forced or threatened to plead guilty and that he was fully satisfied with his lawyer. Kramer has failed to provide evidence to rebut the strong presumption that his sworn statements should be considered binding. *See*

3

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").[*]

The next *Moore* factor considers whether the defendant has credibly asserted his legal innocence. Kramer contends that he is legally innocent of the conspiracy charge because he had a mere buyer-seller relationship with his customers. However, evidence of a buyer-seller relationship, coupled with evidence of a "substantial quantity of drugs," is sufficient to establish a conspiracy. *United States v. Yearwood*, 518 F.3d 220, 226 (4th Cir. 2008). To credibly assert legal innocence, a defendant must "present evidence that (1) has the quality or power of inspiring belief, and (2) tends to defeat the elements in the government's *prima facie* case or to make out a successful affirmative defense." *Thompson-Riviere*, 561 F.3d at 353 (citations and internal quotation marks omitted).

Kramer presents no evidence of his innocence, arguing only that the Government's evidence was insufficient. Moreover, he does not claim to be legally innocent of the distribution charge to which he also pled guilty. The factual basis to which Kramer admitted during the Rule 11 hearing established a conspiracy between Kramer and his customers. Notably, Kramer admitted that he sold ounce quantities of methamphetamine to one individual over a period of several months and had sold over 50 grams of methamphetamine over a period of months to another individual. Kramer presents no evidence that the drug quantities or time periods admitted at the Rule 11 hearing were

---

[*] To the extent that Kramer alleges that his brain injury rendered him incompetent to plead guilty, he has provided no evidence in support, and his Rule 11 hearing and the affidavit of his former counsel weigh against such a finding.

incorrect and provides no legal support for the conclusion that the quantities and length of time of the buyer/seller relationship were insufficient to establish a conspiracy. Accordingly, we conclude that the district court properly found that the second *Moore* factor also cuts against Kramer.

The fourth *Moore* factor questions whether the defendant had the close assistance of competent counsel. Kramer asserts that his attorney failed to review discovery and stated that he would not do so unless Kramer went to trial. However, counsel refutes this statement, and Kramer stated in his Rule 11 hearing that he was satisfied with his counsel's performance. Notably, counsel negotiated a plea whereby four of six charges were dropped (one of which was admitted to by Kramer in his motion to withdraw), including a firearm charge that carried a consecutive 10-year mandatory minimum sentence. Absent further evidence, Kramer has failed to credibly show that his attorney was incompetent.

Given that the district court conducted the Rule 11 colloquy appropriately and that the first, second, and fourth *Moore* factors cut against granting Kramer's motion, the court did not abuse its discretion in not allowing Kramer to withdraw his guilty plea. *See Sparks*, 67 F.3d at 1154 (stating that the first, second, and fourth factors are generally the most significant). We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*